UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Johanan Misael Salinas Bravo
(A-Number: A-240-398-153),

Petitioner,

v.

Warden, California City Correctional
Center; Field Office Director, ICE Los
Angeles Field Office; Todd M. Lyons,
Acting Director, United States Immigration
and Customs Enforcement; Kristi Noem,
Secretary of Homeland Security; Merrick
Garland, United States Attorney General,

Respondents.

No.  1:26-cv-02664-KES-SAB (HC)

ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION AND
REQUIRING BOND HEARING WITHIN
FOURTEEN DAYS

Doc. 2

Before the Court is petitioner Johanan Misael Salinas Bravo's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 5.  The Court also ordered respondents to state their position on whether the motion should

be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents do not object to converting the motion. Doc. 6 at 1. While respondents do not raise new legal arguments, they assert that this case is factually distinguishable because of petitioner's criminal history. *Id*. at 1–3. But respondents do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c). *See id.* While petitioner's criminal history will be relevant to an immigration judge's determination at a bond hearing, it does not eliminate petitioner's statutory right to such a hearing.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Johanan Misael Salinas Bravo (A-Number: A-240-398-153) with a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.[1]

Petitioner is hereby notified that this case will remain ongoing even if he is released following the bond hearing, and all further filings in this case will be mailed only to his address of record, which is currently the California City Detention Center. Upon any change of address, petitioner must file a notice of change of address to update his address, by mailing that notice to the Clerk of Court at 2500 Tulare Street, Fresno, California 93721.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

2

impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:    April 16, 2026

_____
UNITED STATES DISTRICT JUDGE